UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 7-ELEVEN, INC., a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>SALEM7FS LLC, a Massachusetts limited liability company; and AMJAD M. CHAUDHRY, an individual,<br><br>Defendants. | Case No.: 1:15-cv-13849 |

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff 7-Eleven, Inc. ("7-Eleven"), by and through its attorneys, Foley & Lardner LLP, for its Complaint against defendants SALEM7FS LLC and Amjad M. Chaudhry (collectively, "defendants"), doing business as SALEM 7, states as follows:

### NATURE OF ACTION

1. Plaintiff 7-Eleven alleges trademark infringement, counterfeiting, unfair competition, unfair and deceptive trade practices, and trademark dilution against defendants.

### PARTIES

2. Plaintiff, 7-Eleven, Inc., is a Texas corporation and has its principal place of business at One Arts Plaza, 1722 Routh Street, Suite 1000, Dallas, Texas 75201.

3. Defendant, SALEM7FS LLC ("Salem 7"), upon information and belief, is a Massachusetts limited liability company doing business at 126 North Street, Salem,

4813-5791-7738

Massachusetts 01970. None of the members of Salem 7 are citizens of the State of Texas, the state of plaintiff's incorporation and where it maintains its principal place of business.

4. Defendant, Amjad M. Chaudhry, upon information and belief, is not a citizen of Texas and is the registered agent and a controlling principal of defendant Salem 7.

## JURISDICTION AND VENUE

5. This Court has jurisdiction by virtue of the following facts: (1) this is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1051-127 (2012), jurisdiction being expressly conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a); and (2) this is a civil action in which plaintiff and defendants are citizens of different states and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, jurisdiction being expressly conferred in accordance with 28 U.S.C. § 1332(a). This Court has pendant jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1338(b).

6. Venue is proper in the District of Massachusetts in accordance with 28 U.S.C. § 1391(b) because a substantial part of the events or omissions that give rise to this claim have occurred in this judicial district.

## FACTUAL BACKGROUND

7. Since long prior to the acts of defendants complained of herein, 7-Eleven has been engaged in the business, *inter alia*, of offering convenience store services and products, including semi-frozen soft drinks, to the general public at various locations throughout the United States, including within this judicial district.

8. Since at least as early as 1946, long prior to the acts of defendants complained of herein, 7-Eleven has provided its aforesaid convenience store services under the trade name and trademark 7-ELEVEN.

9. Since long prior to the acts of the defendants complained of herein, 7-Eleven's 7-ELEVEN mark has been displayed, among other places, on signage affixed to or near convenience stores operated by 7-Eleven and its franchisees. A primary display of 7-Eleven's 7-ELEVEN name and mark is a multi-colored logo, featuring a dominant Arabic numeral "7" displayed primarily in red with a curved vertical shank intersected by a word displayed in contrasting block letters, all displayed against a white background ("7-ELEVEN Logo"), sometimes displayed with the white background in the form of a quadrilateral surrounded by a contrasting background, with the lowest end of the of the "7" protruding from the quadrilateral into the surrounding border, as depicted below:



10. Since long prior to the acts of the defendants complained of herein, 7-Eleven has offered its convenience store service under a distinctive mark consisting of three solid stripes in the colors red, green, and orange, separated by white breaks ("7-Eleven Stripes Mark"). Among other places, the 7-Eleven Stripes Mark is commonly displayed flanking the 7-ELEVEN Logo on the fascia of 7-ELEVEN branded stores, as depicted below:

4813-5791-7738



11. 7-Eleven has sold its aforesaid semi-frozen soft drinks under the mark BRAINFREEZE since at least as early as October 1, 1993.

12. There are currently over 7,500 convenience stores throughout the United States operated by 7-Eleven under 7-Eleven's 7-ELEVEN name and mark, most of which use the 7-ELEVEN Logo and 7-Eleven Stripes Mark, and sell, *inter alia*, semi-frozen soft drinks under 7-Eleven's aforesaid BRAINFREEZE mark.

13. Since long before the acts of the defendants complained of herein, 7-Eleven and its franchisees annually have sold nationally billions of dollars of products and services in the 7-ELEVEN stores under the 7-ELEVEN name, mark, and logo, and 7-Eleven Stripes Mark and annually have spent millions of dollars to advertise and promote those products and services under the 7-Eleven Trade Identities.

14. Since long before the acts of the defendants complained of herein, 7-Eleven and its franchisees annually have sold nationally millions of dollars of products under the BRAINFREEZE mark.

15. Since long prior to the acts of the defendants complaint of herein, 7-Eleven has owned an invaluable goodwill which is symbolized by each of the aforesaid 7-ELEVEN name, mark, and logo, 7-Eleven Stripes Mark, and the BRAINFREEZE mark (collectively "7-Eleven

Trade Identities"), the use of each of which increases the value of 7-Eleven's and its franchisees' 7-ELEVEN stores and the salability of the goods and services sold through them.

16. By virtue of 7-Eleven's extensive and ongoing use, advertising, and promotion, and long before the acts of the defendants complained of herein, each of the 7-Eleven Trade Identities has become well known among consumers, and acquired a strong secondary meaning signifying 7-Eleven, and each of the 7-ELEVEN name, mark, and logo has become famous.

17. 7-Eleven has registered its aforesaid 7-ELEVEN mark in the United States Patent and Trademark Office. Such registrations include, *inter alia*, the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
| --- | --- | --- | --- |
| [7-ELEVEN logo] | 718,016 | 07/04/1961 | Retail grocery service |
| 7-ELEVEN | 896,654 | 08/11/1970 | Retail grocery store service |
| [7-ELEVEN logo] | 920,897 | 09/21/1971 | Retail grocery store services |
| [7-ELEVEN logo] | 961,594 | 06/19/1973 | Various flavors of soft drinks |
| [7-ELEVEN logo] | 1,035,454 | 03/09/1976 | Sandwiches |
| [7-ELEVEN logo] | 1,288,594 | 08/07/1984 | Gasoline |

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
| --- | --- | --- | --- |
| [7-ELEVEN logo] | 1,402,425 | 07/22/1986 | Soft drinks for consumption on or off the premises |
| 7-ELEVEN | 1,702,010 | 07/21/1992 | Coffee for consumption on or off the premises |
| 7-ELEVEN | 2,152,472 | 04/21/1998 | Telephone calling card services |
| [7-ELEVEN logo] | 2,642,740 | 10/29/2002 | Coffee, and semi-frozen flavored coffee-based beverages, for consumption on or off the premises; Soft drinks and semi-frozen soft drinks for consumption on or off the premises |
| 7-ELEVEN | 2,685,684 | 02/11/2003 | Retail store services featuring gasoline and retail store services featuring convenience store items |
| [7-ELEVEN logo] | 2,751,552 | 08/19/2003 | Clothing, namely caps |
| 7-ELEVEN | 2,765,976 | 09/23/2003 | Pens and stationery-type portfolios; Clothing, namely caps, jackets, shirts |
| [7-ELEVEN logo] | 2,834,419 | 04/20/2004 | Retail convenience store services |
| 7-ELEVEN | 2,914,788 | 12/28/2004 | Gasoline |
| 7-ELEVEN | 3,338,512 | 11/20/2007 | Gift card services and debit card services |
| [7-ELEVEN logo] | 3,679,337 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |

6

7
4813-5791-7738

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| ▬7▬ ELEVEN | 3,679,341 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |

These registrations are valid, subsisting, and owned by 7-Eleven, and registration numbers 718,016, 896,654, 920,897, 961,594, 1,035,454, 1,288,594, 1,402,425, 1,702,010, 2,152,472, 2,642,740, 2,685,684, 2,834,419, and 2,914,788, 3,338,512, 3,679,337, and 3,679,341 are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b), and, therefore, are conclusive evidence of the validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks on or in connection with the identified goods and services.

18.     7-Eleven has registered its 7-Eleven Stripes Mark in the United States Patent and Trademark Office, including the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7-Eleven Stripes Mark<br><br>(lined for color, the 7-ELEVEN Logo shows positioning and is not a feature of the mark) | 2,135,385 | 02/10/1998 | Retail convenience store services |
| 7-Eleven Stripes Mark<br><br>(lined for color) | 2,295,753 | 11/30/1999 | Retail gasoline station services |

These registrations are valid, subsisting, and owned by 7-Eleven, and are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b), and, therefore, are conclusive evidence of the

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| ▬7▬ ELEVEN | 3,679,341 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |

These registrations are valid, subsisting, and owned by 7-Eleven, and registration numbers 718,016, 896,654, 920,897, 961,594, 1,035,454, 1,288,594, 1,402,425, 1,702,010, 2,152,472, 2,642,740, 2,685,684, 2,834,419, and 2,914,788, 3,338,512, 3,679,337, and 3,679,341 are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b), and, therefore, are conclusive evidence of the validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks on or in connection with the identified goods and services.

18.     7-Eleven has registered its 7-Eleven Stripes Mark in the United States Patent and Trademark Office, including the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7-Eleven Stripes Mark<br><br>(lined for color, the 7-ELEVEN Logo shows positioning and is not a feature of the mark) | 2,135,385 | 02/10/1998 | Retail convenience store services |
| 7-Eleven Stripes Mark<br><br>(lined for color) | 2,295,753 | 11/30/1999 | Retail gasoline station services |

These registrations are valid, subsisting, and owned by 7-Eleven, and are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b), and, therefore, are conclusive evidence of the

validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks on or in connection with the identified goods and services.

19. 7-Eleven has registered its aforesaid BRAINFREEZE mark in the United States Patent and Trademark Office, including the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
| --- | --- | --- | --- |
| BRAINFREEZE | 2,012,487 | 10/29/1996 | Semi-frozen soft drinks |
| BRAINFREEZE | 3,231,650 | 4/17/2007 | Drinking straws |

These registrations are valid, subsisting, and owned by 7-Eleven, and Reg. No. 2,012,487 is now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b), and, therefore, is conclusive evidence of the validity of the registered mark and of its registration, of 7-Eleven's ownership of the marks, and of 7-Eleven's exclusive right to use the mark on or in connection with the identified goods and services.

20. Long subsequent to the aforesaid acquisition of fame and secondary meaning of each of the aforesaid 7-ELEVEN name, mark, and logo, upon information and belief, defendants commenced simulating each by adopting and using the name and mark SALEM 7 and displaying the same as a multi-colored logo, featuring a dominant Arabic numeral "7" displayed in red with a curved vertical shank intersected by a word displayed in contrasting block letters, all displayed against a white background with the bottom of the "7" protruding below the white background ("SALEM 7 Logo"), including displayed with the white background in the form of a quadrilateral surrounded by a contrasting background, with the lowest end of the of the "7" protruding from the quadrilateral into the surrounding border, as depicted below:

4813-5791-7738

21. Long subsequent to the aforesaid acquisition of secondary meaning in the aforesaid 7-Eleven Striped Mark, upon information and belief, defendants commenced simulating it by adopting and using a mark consisting of three solid stripes in the colors red, gold, and blue, separated by white breaks ("Salem 7 Stripes Mark") and displayed on the store fascia of defendants' Salem, Massachusetts store flanking the defendants' SALEM 7 Logo, as depicted below:

22. Long subsequent to the aforesaid acquisition of secondary meaning in 7-Eleven's aforesaid BRAINFREEZE mark, upon information and belief, defendants commenced using, without authorization, at defendants' Salem, Massachusetts store a counterfeit of 7-Eleven's BRAINFREEZE mark by, among other things, adopting and using the identical or substantially indistinguishable mark BRAIN FREEZES in connection with advertising their sale of semi-frozen beverage products, as depicted below:



23. Defendant Amjad M. Chaudhry previously held a franchise from 7-Eleven for the 126 North Street, Salem, Massachusetts site and operated a 7-ELEVEN branded store there, displaying and using each of the 7-Eleven Trade Identities at the site.

24. Defendant Amjad M. Chaudhry is currently a franchisee of 7-Eleven for a different site and operates a 7-ELEVEN branded store in Peabody, Massachusetts.

25. Defendant Amjad M. Chaudhry, upon information and belief, through experience as a franchisee of 7-Eleven has knowledge of 7-Eleven's trade indicia, including, without limitation, each of the 7-ELEVEN name, mark, and logo, 7-Eleven Stripes Mark, and the BRAINFREEZE mark.

26. Prior to the filing of this Complaint, 7-Eleven sent a cease and desist demand to defendants and made multiple efforts to communicate with defendants to obtain compliance with the demand. Upon information and belief, as of the date of the filing of this civil action, defendants continue to use infringing trade identities including the BRAIN FREEZES mark, the Salem 7 Stripes Mark, and the Salem 7 name.

27. Upon information and belief, defendants adopted the SALEM 7 name, mark, and logo, the Salem 7 Stripes Mark, and the BRAIN FREEZES mark, in order to trade upon the reputation and goodwill represented by the respective 7-Eleven Trade Identities.

4813-5791-7738

28.   Defendants' use of each of the SALEM 7 name, mark, and logo, and Salem 7 Stripes Mark falsely and deceptively represents that defendants' convenience store services and products emanate from 7-Eleven, or are connected with, sponsored, or approved by 7-Eleven, and defendants' use is likely to cause confusion with 7-Eleven's use of its aforesaid famous 7-ELEVEN name, mark, and logo, and 7-Eleven Stripes mark, or otherwise cause deception or mistake as to the source, sponsorship, or approval of the defendants' aforesaid convenience store services and products.

29.   Defendants' use of the BRAIN FREEZES mark for semi-frozen beverage products falsely and deceptively represents that defendants' convenience store services and products, including semi-frozen soft drinks, emanate from 7-Eleven, or are connected with, sponsored, or approved by 7-Eleven, and defendants' use is likely to cause confusion with 7-Eleven's use of its aforesaid BRAINFREEZE mark or otherwise cause deception or mistake as to the source, sponsorship, or approval of the defendants' aforesaid convenience store services and products, including semi-frozen soft drinks.

## COUNT I.

## TRADEMARK INFRINGEMENT

30.   7-Eleven realleges and incorporates by reference paragraphs 1 through 29 of this Complaint.

31.   The aforesaid unauthorized use of each of defendants' SALEM 7 name, mark, and logo infringes each of the federally registered 7-ELEVEN mark and logo in violation of Section 32 of the United States Trademark Act, 15 U.S.C. § 1114.

32. The aforesaid unauthorized use of defendants' Salem 7 Striped Mark infringes the federally registered 7-Eleven Striped Mark in violation of 7-Eleven's rights under Section 32 of the United States Trademark Act, 15 U.S.C. § 1114.

33. The aforesaid unauthorized use by defendants of the BRAIN FREEZES mark for semi-frozen soft drink products constitutes a counterfeit copy of 7-Eleven's federally registered BRAINFREEZE mark, and is a "counterfeit mark" within the meaning of Section 34 of the United States Trademark Act, 15 U.S.C. § 1116(d)(1)(B).

34. The aforesaid unauthorized use by defendants of the BRAIN FREEZES mark infringes 7-Eleven's federally registered BRAINFREEZE mark in violation of Section 32 of the United States Trademark Act, 15 U.S.C. § 1114.

35. Defendants' aforesaid acts are irreparably damaging to 7-Eleven and will continue to damage 7-Eleven until enjoined by this Court; wherefore, 7-Eleven is without adequate remedy at law.

## COUNT II.

## FEDERAL UNFAIR COMPETITION

36. 7-Eleven realleges and incorporates by reference paragraphs 1 through 16, 20 through 29, and 35 of this Complaint.

37. Defendants' aforesaid acts constitute one or more misleading uses of a word, term, name, symbol, trade dress, or device, or a combination thereof, in violation of 7-Eleven's rights under Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a).

## COUNT III.

### VIOLATION OF MASSACHUSETTS UNFAIR AND DECEPTIVE TRADE PRACTICES, M.G.L. C. 93A, § 11

38. 7-Eleven realleges and incorporates by reference paragraphs 1 through 16, 20 through 29, and 35 of this Complaint.

39. Defendants Salem 7 and Amjad M. Chaudhry are persons engaged in the conduct of trade or commerce within the Commonwealth of Massachusetts.

40. Upon information and belief, defendants have acted willfully, knowingly, and in bad faith in perpetrating the above deceptive trade practices.

41. The aforesaid unauthorized use of each of defendants' SALEM 7 name, mark, and logo, Salem 7 Stripes Mark, and defendants' BRAIN FREEZES mark constitute unfair and deceptive acts and practices in violation of MASS. GEN. LAWS ch. 93A §§ 2, 11.

42. Defendants' unfair and deceptive conduct occurred or was directed primarily and substantially within the Commonwealth of Massachusetts.

## COUNT IV.

### MASSACHUSETTS COMMON LAW UNFAIR COMPETITION

43. 7-Eleven realleges and incorporates by reference paragraphs 1 through 16, 20 through 29, and 35 of this Complaint.

44. The aforesaid unauthorized use of each of defendants' SALEM 7 name, mark, and logo, Salem 7 Stripes Mark, and defendants' BRAIN FREEZES mark constitutes unfair competition under the common law of the Commonwealth of Massachusetts.

## COUNT V.

## **FEDERAL TRADEMARK DILUTION**

45.     7-Eleven realleges and incorporates by reference paragraphs 1 through 29, and 35 of this Complaint.

46.     Since long prior to the acts of the defendants complained of herein, 7-Eleven's aforesaid 7-ELEVEN mark and logo became famous within the meaning of the Lanham Act, 15 U.S.C. § 1125(c)(2)(A).

47.     The aforesaid unauthorized use of each of defendants' SALEM 7 name, mark, and logo dilutes the distinctiveness of each of the 7-ELEVEN mark and logo in violation of Section 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

## COUNT VI.

## **MASSACHUSETTS TRADEMARK DILUTION**

48.     7-Eleven realleges paragraphs 1 through  16, 20 through 29, and 35 of this Complaint as if specifically set forth at length herein and made a part hereof.

49.     Since long prior to the acts of the defendants complained of herein, each of the 7-Eleven Trade Identities became distinctive in the Commonwealth of Massachusetts within the meaning of Massachusetts's trademark dilution statute, MASS. GEN. LAWS ch. 110H, §§ 13, 16.

50.     The aforesaid unauthorized use of each of defendants' SALEM 7 name, mark, and logo dilutes the distinctive quality of 7-Eleven's 7-ELEVEN name, mark and logo, respectively, in violation of the Massachusetts trademark dilution statute, MASS. GEN. LAWS ch. 110H, §§ 13 & 16.

4813-5791-7738

51. The aforesaid unauthorized use of defendants' Salem 7 Stripes Mark dilutes the distinctive quality of 7-Eleven's Stripes Mark mark, in violation of the Massachusetts trademark dilution statute, MASS. GEN. LAWS ch. 110H, §§ 13 & 16.

52. The aforesaid unauthorized use of each by defendants of the BRAIN FREEZES mark dilutes the distinctive quality of 7-Eleven's BRAINFREEZE mark in violation of the Massachusetts trademark dilution statute, MASS. GEN. LAWS ch. 110H, §§ 13 & 16.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff 7-Eleven, Inc. demands judgment against each of the defendants, SALEM7FS LLC and Amjad M. Chaudhry, that:

1. Defendant SALEM7FS LLC, and each of its officers and members, including Amjad M. Chaudhry, and each of their respective partners, directors, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, be permanently enjoined from:

    a. using the defendants' SALEM 7 name, mark, and logo;

    b. using the defendants' Salem 7 Striped Mark;

    c. using the defendants' BRAIN FREEZES mark;

    d. using any name, mark, or logo consisting in whole, or in part, of the numerals "7," or "11," or the words "seven," or "eleven," for convenience store or related services or products;

    e. using any other name, mark, logo, or other trade identity consisting in whole or in part of a numeral or a written out number, followed by another numeral or written out number, for convenience store or related services or products;

   f. using any other name, mark, logo, or trade dress which uses as a prominent element thereof any numeral, design or other graphic intersected by another numeral or a word, design or other graphic; for convenience store or related services or products;

   g. using any other name, mark or logo displayed in any color combination which includes more than one of the colors red, orange, green or white, for convenience stores or other related products or services;

   h. using any other mark, logo, or trade dress displayed in any color combinations, which includes horizontal stripes with or without other graphic elements, for convenience stores or related products or services;

   i. using any other name, mark, or logo which is a reproduction, counterfeit, copy, or colorable imitation of any of 7-Eleven's 7-ELEVEN name, mark, or logo, or 7-Eleven Stripes Mark, or BRAINFREEZE mark, for convenience store services or for related products or services, including semi-frozen soft drinks;

   j. doing any other act or thing likely to confuse, mislead, or deceive others into believing that defendants, their services, or products emanate from 7-Eleven or are connected with, sponsored by, or approved by 7-Eleven;

   k. doing any other act or thing likely to dilute the distinctiveness of 7-Eleven's 7-ELEVEN name, mark, or logo, or the 7-Eleven Stripes Mark, or the BRAINFREEZE mark; and

   l. aiding or assisting any person engaging in any of the acts prohibited by subsections (a) through (k) above.

2. Defendants, SALEM7FS LLC and Amjad M. Chaudhry, be required, jointly and severally, to pay to 7-Eleven the following:

   a. In accordance with 15 U.S.C. § 1117(c), statutory damages in the amount of $2,000,000 for defendants' willful use of a counterfeit mark.

   b. in accordance with 15 U.S.C. § 1117(a), three times such damages as 7-Eleven has suffered as a result of defendants' acts of infringement, unfair competition, and dilution, three times all profits wrongfully derived by defendants from such acts, and 7-Eleven's costs, including reasonable attorney's fees;

   c. in accordance with 15 U.S.C. § 1117(a), reasonable attorney's fees for defendants' willful use of a counterfeit mark;

   d. in accordance with MASS. GEN. LAWS ch. 93A § 11, treble damages suffered by 7-Eleven on account of defendants' deceptive trade practices, including 7-Eleven's reasonable attorney's fees and costs; and

   e. in accordance with the common law of the Commonwealth of Massachusetts, damages in an amount to be proven at trial as a result of defendants' acts of unfair competition.

3. Defendants SALEM7FS LLC and Amjad M. Chaudhry, be required, in accordance with 15 U.S.C. § 1118, to deliver up to 7-Eleven for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in its, his, or their possession bearing the SALEM 7 name, mark, or logo, Salem 7 Stripes Mark, or BRAIN FREEZES mark, or any other reproduction, counterfeit copy or colorable imitation of any of 7-Eleven's 7-ELEVEN name, mark, or logo, the 7-Eleven Stripes Mark, and the BRAINFREEZE mark, and all plates, models, matrices, and other means of making same.

4813-5791-7738

    4.    Award 7-Eleven such other and further relief as the Court deems just and necessary.

Dated: November 13, 2015

**Respectfully Submitted,**

**7-ELEVEN, INC.**

OF COUNSEL

Charles R. Mandly, Jr.
R. Spencer Montei
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654
Telephone: 312.832.4500
Fax: 312.832.4700

By: /s/ Courtney Worcester
Courtney Worcester, Esq. (BBO #643180)
Jason L. Drori, Esq. (BBO #665865)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, Massachusetts 02119
Telephone: 617.342.4000
Fax: 617.342.4001
cworcester@foley.com
jdrori@foley.com

*Attorneys for Plaintiff 7-Eleven, Inc.*

4813-5791-7738